James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
CHRISTOPHER NORBERG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER NORBERG, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| ELECTRONIC DOCUMENT PROCESSING, INC., dba EDP LEGAL SERVICES, INC.,  a California corporation; JACOBBI B. WILLIAMS, individually and in his official capacity; and DOES 1 through 10, inclusive, | 15 United States Code § 1692 *et seq*. California Civil Code § 1788 *et seq*. California Bus. & Prof. Code § 17200 |
| Defendants. | |

_____/

Plaintiff, CHRISTOPHER NORBERG, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

<u>INTRODUCTION</u>

1. The Defendants in this case are process servers who, in an attempt to collect a debt, filed a false proof of service in a state court action.

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

California Civil Code § 1788 *et seq*. ("RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."[1]

3. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact serving or attempting to serve legal process, when someone who would otherwise qualify for the exemption goes beyond being merely being a messenger in serving process and engages in prohibited abusive or harassing activities to force an individual to repay a debt, the exemption no longer applies and the process server is subject to FDCPA liability.[2]

4. Therefore, the Defendants in this case - process servers that failed to serve court process entrusted to them and instead provide a perjured *Proof of Service of Summons* - are removed from the FDCPA's process server exemption.[3]

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

---

[1]

As explained in *Richardson v. Alliance Tire & Rubber Co*., 158 F.R.D. 475 (D. Kan. 1994), the term "sewer service" originated in jurisdictions in which process could be served by professional process servers rather than public officials, and derived from those process servers [who] once followed a practice of disposing of process given to them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it." *Id*. at 480 n.5 (quoting 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.01[7][d] (2d ed. 1991)).

[2]

*Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assocs., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, *5 (E.D. Pa. Nov. 2002)

[3]

*Freeman v. ABC Legal Services, Inc*., 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011)

VENUE

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

INTRADISTRICT ASSIGNMENT

8. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

PARTIES

9. Plaintiff CHRISTOPHER NORBERG ("Plaintiff") is a natural person residing in Sonoma County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10. Defendant ELECTRONIC DOCUMENT PROCESSING, INC., dba EDP LEGAL SERVICES, INC. ("EDP") is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. EDP's principal place of business is located at 16700 Valley View Avenue, Suite 440, La Mirada, California 90638. EDP may be served at the address of its Agent for Service of Process which according to the California Secretary of State website is: Electronic Document Processing, Inc., c/o William Mitchell, Agent for Service of Process, 2 Park Plaza, Suite 650, Irvine, California 92614. Plaintiff is informed, believes and thereon alleges, that EDP is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. Plaintiff is informed, believes and thereon alleges, that prior to manufacturing the *Proof of Service of Summons* giving rise to this action (see Exhibit 1), EDP did not file or maintain a verified certificate of registration as a

process server with the county clerk of the county in which EDP has its principal place of business, as required by Cal. Bus. & Prof. Code § 22350. EDP is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. EDP regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. EDP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). EDP is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

11. Defendant JACOBBI B. WILLIAMS ("WILLIAMS") is a natural person and is or was an employee and/or agent of EDP at all relevant times. WILLIAMS is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Plaintiff is informed, believes and thereon alleges that WILLIAMS is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. WILLIAMS may be served at his current residence address which plaintiff is informed, believes and thereon alleges is 1445 Eddy Street, Apartment 1, San Francisco, California 94115. WILLIAMS is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. WILLIAMS regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. WILLIAMS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). WILLIAMS is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by

such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

13. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

16. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their

property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

17. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

19. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

JOINT VENTURE

20. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

21. Specifically, Plaintiff is informed, believes and thereon alleges, that:

a. EDP is a California corporation engaged in the businesses of manufacturing and selling process server returns and other debt collection

related activities in the State of California. Through the use of the U.S. Mail, telephone and the internet, EDP advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public. EDP provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by WILLIAMS and the enterprise for their process server return manufacturing activities. EDP composes the process server returns sold by the enterprise using its own computer systems and the data which is input into its computer systems via its websites (*e.g.* OneTouchLegal.com) by its customers, like Patenaude & Felix, and its process server agents, like WILLIAMS. EDP also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services. EDP provided WILLIAMS and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the *Proof of Service of Summons* to Patenaude & Felix for use in the state court lawsuit against Plaintiff. EDP provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges that EDP will not accept service of process for WILLIAMS or any of its other process server agents, thereby acting as a litigation shield should one of its process server agents be sued for their unlawful activities.

b. WILLIAMS is registered as a process server in Alameda County and was registered with process server number 1197 from October 26, 2010 until October 25, 2012. WILLIAMS lent his name, facsimile signature and the apparent legitimacy of his process server registration number to the enterprise for use on

the *Proof of Service of Summons* (Exhibit 1) that was manufactured and sold to Patenaude & Felix and used in the state court lawsuit against Plaintiff. Without WILLIAMS and others holding themselves out as registered process servers and the apparent legitimacy of their registration numbers, EDP could not market and sell process server returns like the *Proof of Service of Summons* that was manufactured and sold to Patenaude & Felix for use in the state court case against Plaintiff. WILLIAMS and other alleged registered process servers provide the facial legitimacy of their purported process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.

22. Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of EDP's business and that EDP could not offer such services without its process server agents, like WILLIAMS.

AIDING AND ABETTING

23. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by WILLIAMS.

24. Plaintiff is informed, believes and thereon alleges, that EDP marketed its *Proof of Service of Summons* product to law firms, debt collectors, government agencies and the general public, including Patenaude & Felix, as a legitimate and lawful service. Plaintiff is informed, believes and thereon alleges, that EDP represented or implied in its advertising, marketing and other materials that EDP would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

25. Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, EDP enlisted WILLIAMS and other process server agents to manufacture process server returns - like the *Proof of Service of Summons* that was sold to

- 8 -<br>COMPLAINT

Patenaude & Felix and used in the state court lawsuit against the Plaintiff in this case.

26. Plaintiff is informed, believes and thereon alleges, that EDP willingly, knowingly and intentionally fails to place its name and process server registration number (if it has one) on the process server returns manufactured by WILLIAMS and other process servers with the intent to misrepresent the true nature of the services being provided by EDP and its process servers, like WILLIAMS, and the joint responsibility of EDP and WILLIAMS, pursuant to Cal. Bus. & Prof. Code § 22356. Moreover, Plaintiff is informed, believes and thereon alleges, that EDP willingly, knowingly and intentionally withheld its name and process server registration number from the *Proof of Service of Summons* that was sold to Patenaude & Felix and used in the state court lawsuit against the Plaintiff in this case (a violation of Cal. Bus. & Prof. Code § 22356.5(a)) with the intent to deceive the Plaintiff and the Superior Court of California. By providing process servers, like WILLIAMS, with its business address and telephone number for use on the process server returns that the enterprise manufactures and sells (like the *Proof of Service of Summons* that was sold to Patenaude & Felix, and used in the state court lawsuit against the Plaintiff in this case), and by intentionally withholding its name and process server registration number (if it has one), EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by WILLIAMS against the Plaintiff.

27. Plaintiff is informed, believes and thereon alleges, that EDP authorizes, uses, and ratifies the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like WILLIAMS, from service of process should they be sued for their unlawful activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, plaintiff is informed and believes and thereon alleges that EDP will not

accept service of process for WILLIAMS or any of its other process server agents when service of process is attempted at the address provided on their *Proof of Service of Summons* documents.

28. Plaintiff is informed, believes and thereon alleges, that EDP maintains digital facsimile signatures of its process server agents, including WILLIAMS, within its computer systems. EDP uses these digital facsimile signatures in its process server return manufacturing activities. By its use of digital facsimile signatures, EDP is able to efficiently manufacture process server returns which facially appear to have been signed by its process server agents, but which were never actually signed under penalty of perjury as required by California law.

29. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by WILLIAMS against the Plaintiff and others. In fact, EDP gave substantial assistance and encouragement to WILLIAMS by producing fully completed *Proof of Service of Summons* documents which contain WILLIAMS' facsimile signature and EDP's address and telephone number instead of WILLIAMS' address and telephone number. Plaintiff is informed, believes and thereon alleges, that neither WILLIAMS or any of EDP's other process server agents actually sign the completed *Proof of Service of Summons* documents sold by EDP.

30. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP effectively controlled its process server agents, including WILLIAMS, by *inter alia*:

a. choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

b. requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be preformed by a specific individual);

c. forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be performed by a specific individual);

d. requiring the use of GPS tracking devices for its process server agents (i.e., controlling what tools and equipment must be used to perform the assigned tasks);

e. requiring detailed real-time reporting to EDP of all service attempts made by its process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

f. requiring the use of EDP's computer systems and software for the performance of its process server agents' assigned duties (i.e., controlling what tools and equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed); and

g. requiring its process server agents to maintain specified minimum automobile liability insurance and professional liability insurance coverage, that EDP be named as an additional insured in all such insurance policies, and requiring immediate notification from its process server agents should said insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

31. Through the use of the GPS tracking devices all EDP process server agents are required to carry and the real-time reporting and tracking data that these devices provide, EDP is able to track in real-time the movements of all its process server agents.

32. EDP's conduct was a substantial factor in causing the harm to Plaintiff. EDP should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by WILLIAMS against the Plaintiff.

/ / /

## RATIFICATION

33. Plaintiff is informed, believes and thereon alleges, that EDP is responsible for the harm caused by WILLIAMS' unlawful conduct because EDP approved WILLIAMS' unlawful conduct after it occurred.

34. Plaintiff is informed, believes and thereon alleges, that WILLIAMS intended to act on behalf of EDP when he provided EDP with a digital facsimile of his signature with the knowledge that EDP would use his digital signature on process server returns.

35. Plaintiff is informed, believes and thereon alleges, that WILLIAMS intended to act on behalf of EDP when he accepted the assignment from EDP to serve the state court process on Plaintiff.

36. Plaintiff is informed, believes and thereon alleges, that WILLIAMS intended to act on behalf of EDP when he subsequently failed to serve the state court process on Plaintiff that had been entrusted to him and instead provided false and fraudulent information to EDP regarding the completion of his assignment.

37. Plaintiff is informed, believes and thereon alleges, that EDP learned of WILLIAMS' failure to faithfully serve the state court process that EDP had entrusted to him after it occurred.

38. Plaintiff is informed, believes and thereon alleges, that EDP approved WILLIAMS' unlawful conduct by voluntarily keeping the benefits of WILLIAMS' unlawful conduct after learning of the conduct.

39. Plaintiff is informed, believes and thereon alleges, that EDP approved WILLIAMS' unlawful conduct as alleged in this case by continuing to employ WILLIAMS and continuing to assign process server assignments to WILLIAMS after learning that WILLIAMS had engaged in sewer service.

40. As a result of EDP's ratification of WILLIAMS' unlawful conduct, EDP is liable to Plaintiff for all damages alleged in this case.

<u>NONDELEGABLE DUTY</u>

41. California Business and Professions Code § 22356 provides as follows: A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

42. By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like EDP faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

43. Plaintiff is informed, believes and thereon alleges, that WILLIAMS was acting within the course and scope of his agency relationship with EDP at all times alleged in this Complaint.

44. EDP had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff and that its agents did not engage in sewer service.

45. Because EDP could not delegate to WILLIAMS its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, EDP is liable to Plaintiff for all damages alleged in this case.

<u>FACTUAL ALLEGATIONS</u>

46. In or about August, 2006 Plaintiff is alleged to have incurred a financial obligation, namely a student loan ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

47. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, sold or otherwise transferred to another entity.

48. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was assigned to Patenaude & Felix, APC, for collection from Plaintiff.

49. Plaintiff is informed and believes, and thereon alleges that on or about April 3, 2012, Patenaude & Felix prepared a lawsuit against Plaintiff to be filed in the Superior Court of San Francisco County, captioned *National Collegiate Student Loan Trust 2007-3 v. Christopher Norberg, et al.*, ("the state court action"), in an attempt to collect the alleged debt.

50. Plaintiff is informed and believes, and thereon alleges that Patenaude & Felix thereafter engaged EDP to file the lawsuit, obtain issuance of a summons, and then duly and faithfully serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the state court Summons and Complaint. EDP caused the lawsuit to be filed with the Clerk of the Superior Court and obtained issuance of the summons on May 21, 2012. The state court action was assigned case number CGC-12-520964.

51. Plaintiff is informed and believes, and thereon alleges that on or about June 4, 2012, EDP composed a document entitled *Proof of Service of Summons* in which Defendants represented, under penalty of perjury, that WILLIAMS had personally served Plaintiff with a copy of the Summons, Complaint, Declaration re Venue, Civil Case Cover Sheet and Alternative Dispute Resolution Packet in the state court action on May 31, 2012, at 11:59 a.m. Thereafter, EDP caused the *Proof of Service of Summons* to be filed with the Clerk of the Superior Court in the state court action on June 13, 2012. A true and correct copy of the *Proof of Service of Summons* filed in the state court action is attached hereto, marked as Exhibit 1 and by this reference is incorporated herein.

52. Despite the representations made by Defendants in their *Proof of Service of Summons* (Exhibit 1), Plaintiff was not served personally, or otherwise, with a copy of the Summons and Complaint in the state court action. The *Proof of Service*

1  *of Summons* document composed by EDP appears facially valid - indeed, EDP's

2  very purpose is to pass facial review - hoping the fraud goes undetected until the

3  debtor discovers the fraudulent proof of service after a default judgment has been

4  entered, as occurred in this case.

5       53. Plaintiff is informed and believes, and thereon alleges that the address

6  used on the *Proof of Service of Summons* (Exhibit 1), (i.e., 16700 Valley View

7  Avenue, Ste 440, La Mirada, CA 90638) is the business address of EDP and not the

8  address of WILLIAMS as represented in the document.

9       54. Plaintiff is informed and believes, and thereon alleges that the telephone

10  number used on the *Proof of Service of Summons* (Exhibit 1), (i.e., 800-225-5337)

11  is the business telephone number of EDP and not the telephone number of

12  WILLIAMS as represented in the document.

13      55. Plaintiff is informed and believes, and thereon alleges that the *Proof of

14  Service of Summons* (Exhibit 1) bears the facsimile signature of WILLIAMS.

15  Plaintiff is informed and believes, and thereon alleges that WILLIAMS provided

16  EDP with his facsimile signature for use on process server returns and that EDP

17  used WILLIAMS' facsimile signature to produce the *Proof of Service of Summons*

18  (Exhibit 1) in this case.

19      56. Plaintiff is informed and believes, and thereon alleges that Defendants,

20  acting together, knowingly and willfully composed and sold Patenaude & Felix the

21  *Proof of Service of Summons* (Exhibit 1) containing false statements regarding

22  their service of court process in the state court action.

23      57. According to the *Proof of Service of Summons* (Exhibit 1), Defendants,

24  acting together, sold the process server return to Patenaude & Felix for $62.50.

25      58. On November 29, 2012, four months after Defendants composed and

26  filed their false *Proof of Service of Summons* (Exhibit 1) in the state court action,

27  Patenaude & Felix requested and was granted a Default Judgment by the Clerk of

28  the Superior Court based on Defendants' false process server return.

60. Sometime in June 2013, Plaintiff discovered that a lawsuit had been filed against him and that a Judgment had been entered. Upon learning of the state court action during June 2013, Plaintiff retained legal counsel and obtained a copy of the state court's file at his own expense. In reviewing the state court file, Plaintiff first learned that Defendants had composed and filed their false *Proof of Service of Summons* (Exhibit 1). Plaintiff discovered that Defendants' *Proof of Service of Summons* (Exhibit 1) represented that he had been personally served with a copy of the state court Summons, Complaint, Declaration of Venue, Civil Case Cover Sheet and Alternative Dispute Resolution Packet at: 52 Page Street, Apt. 1, San Francisco, California on May 31, 2012. Plaintiff had not lived at that address since 2010. Furthermore, the *Proof of Service of Summons* (Exhibit 1) describes the person served as 165 pounds, 5 feet two inches tall, with blue eyes. In fact, on 5/31/2012, Mr. Norberg was 130 pounds, 6 feet one inch tall, with green eyes.

61. On or about July 23, 2013, Plaintiff filed a motion to vacate the Entry of Default and Default Judgment that had been entered against Plaintiff in the state court action based on Defendants' false Proof of Service of Summons (Exhibit 1). The motion was unopposed and the Default Judgment was set aside and vacated on August 20, 2013.

## EDP's Business Practices

62. Plaintiff is informed and believes, and thereon alleges that EDP composes and sells process server returns, like the *Proof of Service of Summons* (Exhibit 1) in this case, on a flat rate or fixed fee basis. Plaintiff is informed and believes, and thereon alleges that EDP pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and thereon alleges that EDP will pay WILLIAMS and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed. Because EDP's process servers are not paid for unsuccessful service attempts, process servers like

1   WILLIAMS have a strong financial incentive to falsify process server returns.

2   Plaintiff is informed and believes, and thereon alleges that EDP knowingly

3   promotes the use of false process server returns through its flat rate or fixed fee

4   compensation system.

5       63. Plaintiff is informed and believes, and thereon alleges that EDP charges

6   substantially less than the published rates of many of its San Francisco Bay Area

7   competitors for process server services. Plaintiff is informed and believes, and

8   thereon alleges that EDP's lower market rates can only be achieved by use of a flat

9   rate or fixed fee compensation system for its process servers. Such business

10  practices create a race to the bottom by forcing competitors to lower the fees paid

11  to their more scrupulous process servers or go out of business. The result of these

12  anti-competitive business practices is more false process server returns from all

13  process server agencies. Plaintiff is informed and believes, and thereon alleges that

14  EDP effectively sells sewer service, by underbidding the true costs of proper

15  service.

16      64. Debt collection law firms and debt buyers plainly benefit from the sewer

17  service provided by unscrupulous process servers like the Defendants in this case.

18  By not serving consumer debt defendants, debt collection firms and debt buyers

19  are able to generate thousands of judgments by default on cases where they could

20  never prevail on the merits. Once default judgments are fraudulently obtained,

21  they are used to levy consumer's bank accounts, garnish their wages, seize their

22  property, damage their credit reports, and/or pressure them into unaffordable

23  payment plans.

24      65. Plaintiff is informed and believes, and thereon alleges that Defendants'

25  composition and sale of a perjured *Proof of Service of Summons* (Exhibit 1)

26  violates California Code of Civil Procedure § 417.10.

27      66. Under California law, the return of a registered process server

28  "establishes a presumption, affecting the burden of producing evidence, of the facts

stated in the return." The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . . Defendants' composition and sale of a perjured process server return, like the *Proof of Service of Summons* (Exhibit 1) in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly impossible burden of providing strong and convincing evidence of non-service. Because a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service, victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative; they must prove that an event never occurred and their own sworn testimony of non-service is often not enough to meet their evidentiary burden. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

67. Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading *Proof of Service of Summons* documents in the form of Exhibit 1 more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

CLAIMS

FAIR DEBT COLLECTION PRACTICES ACT

68. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

69. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

70. Plaintiff CHRISTOPHER NORBERG is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

71. Defendant EDP is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

72. Defendant EDP is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

73. Defendant WILLIAMS is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

74. Defendant WILLIAMS is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

75. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

76. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling a fraudulent *Proof of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

77. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

79. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

80. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

81. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

82. Defendant EDP is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

83. Defendant WILLIAMS is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

84. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

85. Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling a fraudulent *Proof of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

86. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

87. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

88. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

89. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

90. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

91. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

<u>CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200</u>

92. Plaintiff brings the third claim for relief against Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 et seq., which prohibits all unlawful business acts and/or practices.

93. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

94. The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq*.

95. By engaging in the above-described acts and practices, Defendants have

committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq*.

96. Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore per se violations of § 17200 *et seq*. These predicate unlawful business acts and/or practices include Defendants' composition and sale of a perjured *Proof of Service of Summons* (Exhibit 1), in violation of California Code of Civil Procedure § 417.10. Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by:

a. Manufacturing and selling a fraudulent *Proof of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

97. Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

98. The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

99. As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff has sustained actual pecuniary loss in that he was required to obtain a copy of the state court's file and pay an attorney to have the default judgment against him set aside and vacated. Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein, has suffered an injury in fact and has lost money or property as a result of Defendants' violations of the FDCPA, the RFDCPA, and Defendants' unfair competition.

100. Plaintiff is entitled to declaratory relief and a permanent injunction enjoining Defendants from their unlawful activity.

<u>REQUEST FOR RELIEF</u>

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that all Defendants' process server returns comply fully with Cal. Bus. & Prof. Code § 22356.5(a), (iii) that a monitoring system for process servers be implemented and maintained, (iv) training and testing all of Defendants' employees and agents regarding applicable service of process laws, (v) a reporting system be made available to Defendants' customers for reporting suspected service of process irregularities, and (vi) the institution of a disciplinary system that will investigate and immediately discipline, up to and including termination, any employee or agent that has been found to engage in sewer service;

i) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

j) Award Plaintiff such other and further relief as may be just and proper.

DATED: February 4, 2014          _____/s/ James A. Michel_____
                                 JAMES A. MICHEL
                                 State Bar No. 184730
                                 2912 Diamond St #373
                                 San Francisco CA 94131
                                 Tel. # 415/ 239-4949
                                 Email: attyjmichel@gmail.com

                                 Attorney for Plaintiff
                                 CHRISTOPHER NORBERG

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: February 4, 2014          _____/s/ James A. Michel_____
                                 JAMES A. MICHEL

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff CHRISTOPHER NORBERG hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: February 4, 2014          _____/s/ James A. Michel_____
                                 JAMES A. MICHEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

LAW OFFICES OF PATENAUDE & FELIX, A.P.C.

Raymond A. Patenaude, Esq. (128855)/ Victor S. Patenaude, Esq. (#216342)

Michael R. Boulanger, Esq. (#226294)/ Michael Kahn (#236898)

4545 Murphy Canyon Road, 3rd Floor

San Diego, CA 92123

Telephone No.:   (858)244-7600          Fax No.:   (858) 836-0318

ATTORNEY FOR:        PLAINTIFF

**F I L E D**
Superior Court of California
County of San Francisco

**JUN 13 2012**

CLERK OF THE COURT
BY:
Deputy Clerk

Court:      SUPERIOR COURT COUNTY OF SAN FRANCISCO, SAN FRANCISCO
            COURTHOUSE
            400 McAllister St., 4th Floor, San Francisco, CA 94102

---

Case Title:     NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, a Delaware
                Statutory Trust(s)  V  CHRISTOPHER NORBERG

Case No.: CGC-12-520964

File No.:12-10317

---

Hearing Date:                              Time:                              Ref.:

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   SUMMONS AND COMPLAINT, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, ALTERNATIVE DISPUTE
   RESOLUTION NOTICE AND INFORMATION PACKAGE, CASE MANAGEMENT STATEMENT, , ,

3. a. Party Served:          CHRISTOPHER NORBERG
   MALE      26 YRS      BROWN      165 LBS      5'02"          BLUE          CAUCASIAN
                         HAIR                                  EYES
   b. Person Served      Party in item 3a

4. Address where party was served:          52 PAGE ST APT 1
                                            SAN FRANCISCO, CA 94102

5. I served the Party
   a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service
   of process for the party.

   (1) On 05/31/12 at 11:59 AM
   (2) HOME

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   **a.  as an Individual Defendant**

7. Person who served papers                    d.     The fee for service was : $62.50
   J. WILLIAMS                                  e.     I am: Registered California Process Server:
   16700 VALLEY VIEW AVENUE, STE 440                   (ii) Registration No.: 1197
   LA MIRADA, CA 90638                                 (iii) County:  ALAMEDA
   (800)225-5337

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date     June 4, 2012                              Signature

---